UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM HENRY MCCANCE, <br> SUSAN MARIE LEMOINE, and <br> STONEX SECURITIES INC. <br><br> PLAINTIFFS, <br><br> v. <br><br> GEORGE WILSON, JEAN WILSON, <br> JANICE ALMELEH, and <br> DELUVINA LOPEZ <br><br> DEFENDANTS. | Civ. A. No. _____ |
| AGES FINANCIAL SERVICES, LTD. <br><br> PETITIONER <br><br> v. <br><br> GEORGE WILSON, JEAN WILSON, and <br> JANICE ALMELEH <br><br> RESPONDENTS. |  |

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF AND PETITION TO PARTIALLY VACATE ARBITRATION AWARD

Plaintiffs William Henry McCance, Susan Marie LeMoine, and StoneX Securities Inc. (collectively "Plaintiffs") bring this civil action for declaratory and injunctive relief against Defendants George Wilson, Jean Wilson, Janice Almeleh, and Deluvina Lopez (collectively "Defendants") to enjoin Defendants from continuing to pursue a currently pending arbitration

1

before the Financial Industry Regulatory Authority ("FINRA") against Plaintiffs. AGES Financial Services, Ltd. simultaneously files a petition to partially vacate an arbitration award against George Wilson, Jean Wilson, and Janice Almeleh (collectively, "Respondents") pursuant to Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §1, et seq.

## PARTIES

1. Plaintiff William Henry McCance ("Mr. McCance") is a citizen of and resides in the Commonwealth of Massachusetts.

2. Plaintiff Susan Marie LeMoine ("Ms. LeMoine") is a citizen of and resides in the Commonwealth of Massachusetts.

3. StoneX Securities Inc. ("StoneX") is an independent broker-dealer organized under the laws of Delaware with its principal place of business located in Birmingham, Alabama.

4. Upon information and belief, Defendant/Respondent George Wilson ("Mr. Wilson") is a citizen of and resides in the state of California.

5. Upon information and belief, Defendant/Respondent Jean Wilson ("Ms. Wilson") is a citizen of and resides in the state of California.

6. Upon information and belief, Defendant/Respondent Janice Almeleh ("Ms. Almeleh") is a citizen of and resides in the state of California.

7. Upon information and belief, Defendant Deluvina Lopez ("Ms. Lopez") is a citizen of and resides in the state of Arizona.

8. AGES Financial Services, Ltd. ("AGES") is a now defunct broker-dealer previously organized under the laws of Massachusetts with its principal place of business located in Reading, Massachusetts.

## JURISDICTION AND VENUE

9. The Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 because this action arises under the FAA, and because the underlying dispute is predicated on alleged violations of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a *et seq*. Section 78aa of Title 15 of the U.S. Code grants federal courts "exclusive jurisdiction of violations" of the Securities Exchange Act of 1934.

10. The Court has jurisdiction pursuant to 28 U.S.C. §1332 as there is complete diversity of the parties and the amount in controversy exceeds $75,000.

11. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in Massachusetts and a substantial part of the property that is subject of this action is also in Massachusetts.

## BACKGROUND AND FACTS

12. On or about August 25, 2022 Respondents filed an Amended Statement of Claim in FINRA Arbitration No. 22-01490, stylized as *George Wilson, individually and on behalf of the George Wilson IRA, Janice Almeleh, Deluvina Lopex, Alan Bulotsky and Toby Bulotsky, individually and as Trustees of the Toby D. Bulotsky Trust, Jean Wilson, individually and on behalf of the Jean Wilson IRA, and Grace Lutheran Church Fremont, Ohio v. AGES Financial Services Ltd.* (the "AGES Arbitration"). *See Affidavit of Kirsten Patzer, Ex. A.*

13. In their Amended Statement of Claim, Respondents asserted the following claims against AGES: 1) Breach of Fiduciary Duty; 2) Suitability; 3) Violation of Federal Securities Laws; 4) Violation of State Securities Laws; 5) Common-Law Fraud; 6) Common Law Negligence; 7) Violation of FINRA Rules; 8) Failure to Supervise; and 9) Breach of Contract. *Id.*

3

14. The claims in the AGES Arbitration were brought in connection with Respondents' various investments offered by and through GWG Holdings ("GWG").

15. The entirety of the AGES Arbitration was held via zoom from May 6-10, 2024 and then August 13-16, 2024.

16. After considering the pleadings, testimony, and the documentary evidence presented at the hearing, on or about September 6, 2024, the Arbitration Panel rendered the Arbitration Award (the "Award") in full and final resolution of the issues submitted for determination. *See Aff. Patzer, Ex B.*

17. In the Award, the Arbitration Panel denied the claims of the Bulotsky Claimants and Grace Lutheran Church.

18. The Arbitration Panel issued an Award in favor of the remaining Claimants as follows: George Wilson - $267,252.00 in compensatory damages, $12,616.15 in costs, and $80,176 in attorneys' fees; Janice Almeleh - $256,520.00 in compensatory damages, $12,616.15 in costs, $76,956.00 in attorneys' fees, and $75,000 in emotional distress damages; Deluvina Lopez - $53,762 in compensatory damages, $12,616.15 in costs, and $18,817.00 in attorneys' fees; and Jean Wilson - $149,372.00 in compensatory damages, $12,616.15 in costs, $44,812.00 in attorneys' fees, and $75,000 in emotional distress damages.

19. This Award resulted in AGES violating their net capital obligations pursuant to section 15(c)(3) under the Securities Exchange Act of 1934 (the "Net Capital Rule").

20. Upon violating the Net Capital Rule, AGES was required to "suspend all business operations" pursuant to FINRA Rule 4110(b)(1).

21. While AGES maintained an insurance policy, the policy was largely depleted due to defense costs and an award issued in a separate arbitration claim.

22. On or about October 8, 2024 counsel for AGES tendered the remaining insurance funds to Arbitration Claimants' Counsel in the amount of $93,363.40.

23. On or about October 11, 2024 Defendants filed a statement of claim with FINRA styled *George Wilson, Jean Wilson, Janice Almeleh, and Deluvina Lopex v. William Henry McCance and Susan Marie LeMoine (Respondents), and StoneX Securities Inc (Relief Respondent).* (FINRA Arbitration No. 24-02192) (the "Wilson Arbitration"). *See Patzer Aff., Ex C.*

24. In their Statement of Claim the Wilson Arbitration Claimants assert the following claims against William H. McCance and Susan M. LeMoine: 1) Breach of Contract; 2) Breach of Fiduciary Duty; 3) Negligence; 4) Failure to Supervise; and 5) Equitable and Injunctive Relief. *Id.*

25. The Wilson Arbitration Claimants do not assert any wrongdoing as to StoneX, instead naming them as a "Relief Respondent" as they purportedly acted as AGES' clearing firm during the relevant time. *Id.* StoneX has never acted as AGES' clearing firm.[1]

26. In the Wilson Arbitration, Defendants' claims all relate to the Award or claims already adjudicated in the AGES Arbitration.

27. Defendants do not have any arbitration agreements with Mr. McCance, Ms. LeMoine, or StoneX.

28. Despite having no agreement with Plaintiffs to arbitrate, Defendants are attempting to force them to arbitrate under FINRA Rules. In the absence of a written arbitration agreement, Associated Persons and Members of FINRA are obligated to arbitrate disputes only if the arbitration is "[r]equested by the customer," if the "dispute is between a customer and a

---

[1] The Wilson Arbitration Claimants have named the incorrect StoneX entity. The clearing firm entity is StoneX Financial Inc.

member or associated person of a member," and the "dispute arises in connection with the business activities of the member or the associated person…" *See FINRA Rule 12200*.

29. Defendants are not now and have never been "customers" of Mr. McCance, Ms. LeMoine, or StoneX.

30. While Defendants were customers of AGES, those claims have been adjudicated and any claims against Mr. McCance and Ms. LeMoine as "control persons" of AGES are barred by *res judicata*.

31. Even if they were customers of Plaintiffs, Defendants' claims in the Wilson Arbitration do not arise in "connection with" the "business activities" of Mr. McCance or Ms. LeMoine in their role as associated persons; nor do they arise in the business of StoneX, which has never acted as a clearing firm.

32. Defendants will be irreparably harmed if they are compelled to arbitrate this dispute when they have not agreed to arbitrate the dispute, by, among other things, being forced to expend time and resources arbitrating an issue that is not arbitrable.

33. Whether Plaintiffs can be compelled to arbitrate claims asserted against them by Defendants in the Wilson Arbitration is an issue that affects the parties' legal interest with immediacy because unless Defendants are enjoined from arbitrating their claims, Plaintiffs will have to expend time and resources answering or otherwise pleading in response to Defendants' Statement of Claim and engaging in other actions, i.e., discovery, etc., which may be held to constitute a waiver of their right to have this dispute heard in a court of competent jurisdiction.

34. Furthermore, because the Wilson Arbitration claims all relate an already rendered arbitration award, filing in the FINRA Dispute Resolution forum is inappropriate. The

correct procedural posture would be to seek to confirm the arbitration award in a court of competent jurisdiction.

35. In connection with the AGES Arbitration the parties executed a FINRA Arbitration Submission Agreement. *See Patzer Aff. Ex. D & E.*

36. By signing this agreement the parties agreed "to abide by and perform any award(s) rendered pursuant to this Submission Agreement. The parties further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby **voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction** which may properly enter such judgment." *Id.* (Emphasis added).

37. The FINRA Dispute Resolution forum is not a "court of competent jurisdiction."

38. Accordingly, declaratory and injunctive relief is necessary to prevent Plaintiffs from having to expend time and resources arbitrating claims they did not agree to arbitrate.

39. The AGES Arbitration involved parties located in Massachusetts, California, Arizona, and Ohio.

40. The AGES Arbitration Claimants selected San Diego, California as the location for the hearing site.

41. Counsel for AGES Arbitration Claimants are not barred in California and were thus required to complete and file California's Certificate of Out-of-State Attorney Arbitration Counsel (OSAAC) form pursuant to California CCP § 1282.4 and California Rules of Court Rule 9.43.

42. While one counsel for the AGES Arbitration Claimants, Adam Gana, completed the OSAAC application process, the other attorney representing those Claimants, Adam Weinstein, did not.

43. Over the course of the AGES Arbitration proceeding Mr. Weinstein, in violation of California law, filed no less than seventeen (17) pleadings and other documents in connection with arbitration.

44. The pleadings filed and signed by Mr. Weinstein included, but were not limited to, a demand for sanctions against AGES (*See Patzer Aff. Ex. F*) and Claimants Pre-hearing Brief (*See Patzer Aff. Ex. G*).

45. On April 2, 2024 AGES filed a Motion to Sever the claims of the AGES Arbitration Claimants. *See Patzer Aff. Ex. H.*

46. On April 18, 2024 AGES withdrew their Motion to Sever. *See Patzer Aff. Ex. I.*

47. On April 18, 2024 Mr. Weinstein, who was still not properly admitted in California, filed a letter with FINRA requesting $10,000 in sanctions against AGES for filing the Motion to Sever. *See Patzer Aff. Ex. F.*

48. On April 24, 2024 the Arbitration Panel issued a $10,000 sanction against AGES despite withdrawing the motion to sever. *See Patzer Aff. Ex. J.*

49. On May 29, 2024 the AGES Arbitration Claimants filed a Motion to Enforce Sanctions after counsel for AGES informed counsel they would be filing a motion to reconsider. *See Patzer Aff. Ex. K.*

50. On June 9, 2024 AGES filed an Opposition to Claimants' Motion to Enforce Sanctions and Motion to Reconsider the Same. *See Patzer Aff. Ex. L.*

51. As laid out in the Motion to Reconsider, the $10,000 sanction was issued contrary to FINRA Rules and Regulations. Specifically, FINRA Rule 12212 says a panel "may sanction a party for failure to comply with any provision of the Code, or any order of the panel…" *See FINRA Rule 12212.*

52. The specified grounds for issuing the sanction was not a violation of any FINRA rule or a panel order, rather, it was issued because AGES "filed and then withdrew an unnecessary motion on the eve of hearing after claimants had already incurred the time and expense of filing an objection and taking time away from their hearing preparations." *See Patzer Aff. Ex. J.*

53. The panel in the AGES Arbitration issued another order on June 14, 2024 reasserting the $10,000 sanction. *See Patzer Aff. Ex. M.*

54. The panel in the AGES Arbitration exceeded their authority by issuing sanctions against AGES contrary to FINRA rules and regulations.

55. On May 6, 2024 the first hearing session in the AGES Arbitration hearing was held via Zoom.

56. Appearing for Claimants in the AGES Arbitration was Mr. Weinstein, who had still not completed the OSAAC application.

57. Counsel for AGES raised the issue with the panel, noting that if the hearing were to continue with Mr. Weinstein representing his California clients he would be engaged in the unauthorized practice of law.

58. Despite AGES' objections, Mr. Weinstein was allowed to complete the OSAAC application on May 6, 2024. *See Patzer Aff. Ex. N.*

59. The Amended Statement of Claim filed in the AGES Arbitration does not contain any allegations of infliction of emotional distress, nor does it plead any request for emotional distress damages. *See Patzer Aff. Ex. A.*

60. Because emotional distress damages are considered "special damages" they must be specifically stated pursuant to F.R.C.P. Rule 9(g).

9

61. The arbitration panel exceeded their authority by awarding emotional distress damages to Ms. Almeleh and Ms. Wilson.

62. Because emotional distress was not properly pled AGES was not allowed the opportunity to conduct discovery on this issue, causing irreparable harm.

63. While Claimants Pre-Hearing Brief mentions emotional distress, the brief is not the operative complaint. Furthermore, the brief was filed and signed by Mr. Weinstein who was then engaged in the unauthorized practice of law. *See Patzer Aff., Ex. G.*

64. The Award in the AGES Arbitration should be partially vacated under 9 U.S.C. § 10 as the Arbitration Panel clearly exceeded their authority by awarding sanctions and emotional distress damages.

## COUNT ONE – DECLARATORY RELIEF

65. Plaintiffs repeat and reallege paragraphs 1 through 64 as if fully set forth within.

66. Defendants seek to force Plaintiffs to arbitrate based upon FINRA Rule 12200.

67. However, no agreement exists between Defendants and Plaintiffs to arbitrate.

68. In the absence of a written agreement, Associated Persons and Members of FINRA are obligated to arbitrate disputes only if the arbitration is "[r]equested by the customer," if the "dispute is between a customer and a member or associated person of a member," and the "dispute arises in connection with the business activities of the member or the associated person…"

69. To properly compel arbitration under FINRA Rule 12200 Defendants must show that this dispute is between a FINRA Member, or Associated Person of a Member, and its customer.

70. Defendants are not now and have never been customers of Plaintiffs.

71. Furthermore, the Wilson Arbitration does not arise in connection with the business activities of Mr. McCance, Ms. LeMoine or StoneX.

72. Accordingly, Plaintiffs do not have an obligation to arbitrate the claims asserted by Defendants in the Wilson Arbitration, or any other claim.

73. Declaratory relief is appropriate because the dispute between the parties is definite and concrete, affecting the parties' adverse legal interests with sufficient immediacy.

74. Therefore, Plaintiffs request a declaratory judgement from this Court pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 that Plaintiffs have no obligation to arbitrate Defendants' claims in the Wilson Arbitration.

## COUNT TWO – INJUNCTIVE RELIEF

75. Plaintiffs repeat and reallege paragraphs 1 through 74 as if fully set forth within.

76. Plaintiffs will suffer immediate and irreparable harm if they are compelled to arbitrate claims they did not agree to arbitrate.

77. Plaintiffs are likely to succeed on the merits because Plaintiffs do not have an obligation to arbitrate the claims asserted by Defendants in the FINRA forum, as there is no arbitration agreement between the parties, Defendants are not customers of Plaintiffs, and the claims do not arise in connection with Plaintiffs' business activities pursuant to FINRA Rule 12200.

78. Plaintiffs do not have an adequate remedy at law.

79. Plaintiffs are entitled to preliminary and permanent injunctive relief enjoining Defendants from further proceedings against them in the Wilson Arbitration.

## COUNT THREE – VACATUR OF ARBITRATION AWARD UNDER THE FAA

80. Petitioner AGES repeats and realleges paragraphs 1 through 79 as if fully set forth within.

81. The FAA describes four statutory bases for vacating an arbitration award – two of which are implicated here.

82. In the AGES Arbitration the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made, when they erroneously awarded sanctions and emotional distress damages.

83. By reason of the foregoing, the Court should issue an order partially vacating the Award entered in the AGES Arbitration, FINRA Arbitration No. 22-01490.

## REQUEST FOR ORAL ARGUMENT

Petitioners believe that oral argument will assist the Court and hereby requests that the Court set a hearing for oral argument on this Petition.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, William H. McCance, Susan M. LeMoine, and StoneX respectfully request that this Court:

a. Enter a declaratory judgment finding that Plaintiffs have no obligation to arbitrate the claims at issue in the Wilson Arbitration;

b. Enter a preliminary, and then permanent, injunction order enjoining Defendants from further proceedings against Plaintiffs in the Wilson Arbitration;

c. Award Plaintiffs any such other and further relief in law or equity that the Court deems just and proper.

AND WHEREFORE, Petitioner, AGES Financial Services, Ltd. respectfully request that this Court:

   a. Issue an order pursuant to 9 U.S.C. § 10 vacating the Award entered in FINRA Arbitration No. 22-01490; and

b. Award Petitioner such other and further relief as this Court deems just and proper.

Dated: 6 December 2024

Respectfully submitted,

PRINCE LOBEL TYE LLP
*Attorneys for Plaintiffs William H. McCance, Susan M. LeMoine, and StoneX Securities, Inc., and Petitioner, AGES Financial Services, Ltd.*

/s/ Kirsten Patzer

Kirsten Patzer, BBO # 668564
One International Place, Suite 3700
Boston, Massachusetts 02110
Telephone: 617.456.8024
kpatzer@princelobel.com